IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JORDAN ESKRIDGE.,

                Plaintiff,

v.                                      CIVIL ACTION NO.  2:11-cv-00615

PACIFIC CYCLE, INC., et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are the plaintiff's Motion to Remand [Docket 8], the defendant Kun Teng Industry Co., Ltd.'s Motion to Dismiss [Docket 10], the plaintiff's Motion to Strike Sur-Reply of Defendants Pacific Cycle, Inc. and Wal-Mart Stores, East, LP to Plaintiff's Reply Regarding Plaintiff's Motion to Remand [Docket 19], and the defendant Kun Teng Industry Co., Ltd.'s Motion to Withdraw Motion to Dismiss [Docket 21].  For reasons explained below, the plaintiff's Motion to Remand is **DENIED**, the plaintiff's Motion to Strike Sur-Reply is **GRANTED**, the defendant Kun Teng Industry Co., Ltd.'s Motion to Withdraw Motion to Dismiss is **GRANTED**, and the defendant Kun Teng Industry Co., Ltd.'s Motion to Dismiss is thereby **DENIED as moot**.

    **I.**        **Background**

On or about September 15, 2005, the plaintiff, Jordan Eskridge, was riding a Mongoose XR100 bicycle in Hinton, West Virginia.  As he rode over a speed bump, the front wheel separated from the front forks.  This allegedly caused the plaintiff to fall to the ground, and as a result he suffered physical injuries.

1

The plaintiff filed his complaint in the Circuit Court of Kanawha County, West Virginia on July 15, 2011. The named defendants were Pacific Cycle, Inc., Kun Teng Industry Co., Ltd. ("Kun Teng"), and Wal-Mart Stores, Inc.[1] The complaint contains three counts for strict liability, negligence, and breach of warranty. The defendants Wal-Mart Stores East, LP ("Wal-Mart") and Pacific Cycle, Inc. filed a notice of removal on September 9, 2011.

## II. Motion to Dismiss and Motion to Withdraw Motion to Dismiss

For reasons appearing to the court, the Defendant Kun Teng Industry Co., Ltd.'s Motion to Withdraw Motion to Dismiss is **GRANTED**. Therefore, the Motion to Dismiss is **DENIED as moot**.

## III. Motion to Remand and Motion to Strike Surreply

### a. Standard of Review

A defendant may remove a case to federal court if the action is one which could have originally been brought in the district court. 28 U.S.C. § 1441(a). Removal jurisdiction implicates significant federalism concerns and therefore is to be strictly construed. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). Here, removal is premised on 28 U.S.C. § 1332(a), which states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between [] [c]itizens of different States . . . ." 28 U.S.C. § 1332(a). In addition, 28 U.S.C. § 1446(b) states, in relevant part, "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

### b. Discussion

---

[1] By court order [Docket 7], Wal-Mart Stores East, LP was substituted for Wal-Mart Stores, Inc.

The plaintiff argues that the defendants' removal was untimely under 28 U.S.C. § 1446(b). The complaint was served on Wal-Mart's statutory agent for service of process, the West Virginia Secretary of State, on August 9, 2011. The defendants Wal-Mart and Pacific Cycle removed the case on September 9, 2011, thirty-one days later.[2] The defendants respond by contending that, for purposes of removal, the clock begins to run when the defendant receives the complaint, rather than the date that the Secretary of State is served. The first defendant to receive the complaint was Wal-Mart on August 11, 2011. Therefore, according to the defendants, removal on September 9, 2011, was timely under 28 U.S.C. § 1446(b).

The question before the court—when the thirty-day period begins to run under 28 U.S.C. § 1446(b) when a defendant has been served through its statutory agent—was addressed by Judge Faber in *Lilly v. CSX Transportation, Inc.*, 186 F. Supp. 2d 672 (S.D. W. Va. 2002). There the court held that, "where service of process is effected on a statutory agent, the time for removal does not begin to run until the defendant has actually received a copy of the process." *Id.* at 675. The court explained that its holding was consistent with the outcome of almost every district court that had recently addressed this issue. *Id.* at 673. Additionally, the court highlighted the rationale behind these decisions that a defendant can only decide whether to remove after examining the complaint. *Id.* at 674. Judge Faber's *Lilly* decision has since been cited approvingly. *See Tucci v. Hartford Fin. Servs. Grp., Inc.*, 600 F. Supp. 2d 630, 633 (D.N.J. 2009); *Burton v. Cont'l Cas. Co.*, 431 F. Supp. 2d 651, 653 (S.D. Miss. 2006); *Johnson v. Nutrex Research, Inc.*, 429 F. Supp. 2d 723, 727 n.2 (D. Md. 2006); *White v. Lively*, 304 F. Supp. 2d

---

[2] In its reply brief, the plaintiff argues for the first time that: "The repeated and consistent contextual use of the words 'service' and 'served' in reference to the Secretary of State makes it clear, that from a timeliness standpoint, the West Virginia Legislature intended for process to have been 'served' upon receipt by the West Virginia Secretary of State." This contention is inapposite to the question before the court of how to interpret the federal statute, 28 U.S.C. § 1446(b), which states that notice of removal must be filed within thirty days "*after the receipt by the defendant*, through service or otherwise." (emphasis added).

829, 831 (W.D. Va. 2004). In an unpublished opinion, the Fourth Circuit cited the *Lilly* decision and found that "the time for removal begins when 'the defendant actually has received a copy of the complaint.'" *Gordon v. Hartford Fire Ins. Co.*, 105 Fed. Appx. 476, 481 (4th Cir. 2004).

I find that these cases are persuasive on this issue, and accordingly hold that under 28 U.S.C. § 1446(b), the thirty-day period begins when the defendant receives a copy of the complaint and summons. Here, Wal-Mart received the complaint and summons on August 11, 2011, and removed the case on September 9, 2011, which was within the thirty-day period. Therefore, removal was timely.

The plaintiff mentions in his reply that defendant Kun Teng did not join the notice of removal. At the time of removal, Kun Teng had not been properly served. Accordingly, it was not required to join the notice of removal. *Wolfe v. Green*, 660 F. Supp. 2d 738, 744 (S.D. W. Va. 2009) ("An exception to the rule of unanimity applies where less than all defendants have been served at the time of removal. In such a case, for removal to be proper, it is held that only the defendants served at the time of removal need join, or consent to, the notice of removal.") Because removal was timely, I **DENY** the plaintiff's Motion to Remand [Docket 8].[3] Furthermore, I **GRANT** the plaintiff's Motion to Strike Sur-Reply [Docket 19].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 29, 2011

Joseph R. Goodwin, Chief Judge

---

[3] The defendants also request that the court award costs and expenses in responding to the plaintiff's motion. The defendants provide no justification for such an award, and I do not find one; accordingly, this request is **DENIED**.